### THE STATE *v.* WILLIAM MASSAGE.

If two men fight upon a sudden quarrel, and one kills the other, the chances being equal, this constitutes manslaughter.

A Judge is not required to charge the jury in the words of the prayer, even if the prayer is right. The substance of the prayer is sufficient.

*Rodman, J., (dissentiente.)* The Judge below did not charge the law, as applicable to the facts. A general dissertation upon the law of homicide without reference to the evidence in the clause, is in violation of the act of assembly.

This was an indictment against the prisoner for killing Phillip Weaver, tried before *Logan, J.,* at Spring Term, 1871, of LINCOLN Superior Court.

The evidence was as follows :

Charles McLeod, a witness for the State, testified that when he first saw the prisoner, the latter was near a crib about three hundred yards distant from witness, and that the deceased was at the fence which enclosed the barn yard, and near the prisoner, who went to the fence. Heard rocks thrown. Deceased attempted to get over the fence when he was pushed back by the prisoner.

The deceased then crossed the fence at another place, and pursued the prisoner, who ran. That Alfred Mullins then came up, when the deceased took after Mullins, who retreated 15 or 20 steps; when near together, Mullins picked up a stick; the deceased then appeared to be turning towards the prisoner who struck him, when the deceased fell. Only saw one blow. Mullins picked up a stick; witness then turned from the parties and ran for home; after running a few steps witness looked back, and saw the prisoner strike the deceased with both hands, when the latter left Mullins, and turned towards the prisoner who was four or five steps from the deceased; Mullins then started towards the yard gate. The prisoner lived at Mullins' and this occurred in the yard of the latter. The instrument

used by the prisoner was a part of a wagon gate which was admitted to be a deadly weapon.

There was much other evidence tending to show that the deceased pursued the prisoner, when the latter struck deceased with the wagon gate, from the effects of which Weaver died in two or three days thereafter.

The counsel for the prisoner, asked the court to instruct the jury:

1st. That if the prisoner took up the deadly weapon with the purpose to resist only in self defence and did so use it, he is not guilty.

2d. That after words of anger and mutual assault with rocks, the prisoner retreats, and picked up the weapon on his retreat to use it in defending himself, and is afterwards assaulted with a deadly weapon by deceased, and killed the assailant in self defence, it is justifiable.

3rd. If the prisoner had reasonable grounds to believe that he was about to lose his life, or suffer great bodily harm, by the assault on him, and he killed the assailant to prevent it, it is justifiable homicide.

4th. If it appears from the evidence of the State, in making out its case, that there is reasonable doubt as to the grade of the homicide, the prisoner has the benefit of that doubt.

The Court declined to give the instructions as prayed for, but charged the jury, that murder is where a person of sound memory and discretion, unlawfully kills any reasonable creature, with malice aforethought, whether expressed or implied.

The weapon being conceded to be a deadly one, and killing being proved, the law says the burden of showing any matter of mitigation, excuse or justification, is thrown upon the prisoner. It is incumbent upon the prisoner to establish such matter neither beyond reasonable doubt, nor according to the preponderance of testimony, but to the satisfaction of the jury.

The State is required to prove the essential facts in the case beyond a reasonable doubt, for if the jury have any reasonable

doubt as to the guilt of the prisoner, he is entitled to the benefit of it, and he has only to satisfy the jury of any matter in mitigation, so as to reduce the offence below the degree of murder. If the offence is not murder, then the jury are to determine within what degree it is.

The Court further charged, that manslaughter is the unlawful killing of another without malice, either express or implied, which may be either voluntary upon sudden heat, or involuntary, but in the commission of some unlawful act; as if upon a sudden quarrel two persons fight and one of them kills the other, the chances being equal, this is manslaughter.

A blow amounts to legal provocation, though it does not threaten death, and if he on whom an assault is made with violence, or circumstances of indignity, resent it immediately by killing the aggressor, and act therein in the heat of blood, and under that provocation, it is but manslaughter.

It is a general rule that words are not, but blows are, a sufficient provocation to reduce the crime of homicide to manslaughter. A killing on a sudden quarrel to avoid a great bodily harm, is a homicide under legal provocation, and though such circumstances cannot justify or excuse the act, yet on account of human frailty it is deemed no more than manslaughter.

Self defence is whereby a man may protect himself from an assault, or the like, in the course of a sudden broil, or quarrel, by killing him who assails him. For example, if the slayer has not begun the fight, or having begun endeavors to decline any further struggle, and afterwards being closely pressed by his antagonist kills him to avoid his own destruction, this is homicide excusable by self defence, for which reason the law requires that the person who kills another in his own defence should have retreated as far as he can conveniently, or safely, to avoid the violence of the assault, and that not factiously, or in order to watch his opportunity, but from a real tenderness of shedding blood.

Though a person may engage in a fight willingly, yet if in its progress he be sorely pressed,—that is put to the wall, so that he must be killed, or suffer great bodily harm unless he kills his adversary, and under such circumstances he does kill, it is excusable homicide. Verdict guilty of manslaughter. Rule &c. Judgment and appeal.

*Attorney General* and *Batchelor*, for the State.
*Hoke*, *Bragg & Strong*, and *W. M. Young* for the prisoner.

READE, J.   The charge of his Honor is given at length, and it may be liable to the criticism, that it deals too much in general principles without practical application to the case in hand.   But after a careful consideration we are unable to see that it was calculated to mislead the jury ; or to leave them without the necessary information as to the law applicable to the case.   And that they were not misled, is evident from the fact, that they rendered the only verdict which could have been rendered upon the facts.

The main objection at this Bar, was that his Honor did not give the special instructions prayed for.

We think he did give them substantially.

It has been so often decided as to become familiar, that a Judge is not obliged to charge in the very words of the prayer, even when the prayer is right.   It is sufficient if he does so in *substance*.   If it were not so, the zeal of the advocate, or the craft of the Attorney would often confound the jury.   For example, the second prayer in this case is as follows :

" 2d. That after words of anger and mutual assaults with " rocks, the prisoner retreats and picked up the weapon in his " retreat, to use it in defending himself, and is afterwards " assaulted with a deadly weapon by deceased, and killed the " assailant in defence, it is justifiable."

Probably the end aimed at by the prayer, was to have his

Honor charge the jury, that if the prisoner quit the fight and retreated as far as he could, and was pressed by the deceased with a deadly weapon, and the prisoner killed in self defence, it was excusable homicide.

If this was the end, then his Honor had charged it in substance. But to have charged in the words of the prayer, would have been to assume facts, violate grammar, and pervert the usual and familiar definitions of crime. There is no error.

RODMAN, J. *Dissentiente.* I am compelled to dissent from the majority of the Court. It is the duty of a Judge to intelligibly apply the law to the evidence. A general dissertation upon the law of homicide is not what the act of Assembly intends. Of the present charge it may be said that it requires more intelligence to pick out from it the law which is applicable to the case, than a jury is expected to possess.

PER CURIAM.                                    No error.